8 F.3d 820
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Peter Terry RODOUSSAKIS, Plaintiff-Appellant,
v.
Bruce HOSEY; Perry McGuire, Sheriff, Greenbrier County,
West Virginia, Defendants-Appellees.
Peter Terry RODOUSSAKIS, Plaintiff-Appellant,
v.
Bruce HOSEY; Perry McGuire, Sheriff, Greenbrier County,
West Virginia, Defendants-Appellees.
 No. 92-2215.
 No. 93-1102.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 26, 1993.
Decided: October 20, 1993.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Beckley.
 Peter Terry Rodoussakis, Appellant Pro Se.
 Richard H. Lorensen, for Appellees.
 S.D.W.Va.
 AFFIRMED
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Peter Terry Rodoussakis seeks to appeal, in No. 92-2215, the district court's order denying relief under 42 U.S.C.s 1983 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, although we grant leave to proceed in forma pauperis, we affirm.
 
 
 2
 Rodoussakis also seeks to appeal, in No. 93-1102, the district court's order denying in forma pauperis status on appeal. Because we have granted in forma pauperis status, this issue is moot, and the appeal is dismissed.
 
 
 3
 Rodoussakis filed this action, alleging that Officer Hosey used excessive force in obtaining a sample of blood.[1] Hosey answered, admitting the use of force but alleging that it was reasonable.[2] The district court held a jury trial, and Rodoussakis's claim was unsuccessful. Rodoussakis timely noted an appeal.
 
 
 4
 Rodoussakis alleged that, after placing him under arrest, Hosey obtained a search warrant to obtain a sample of blood. Rodoussakis then contended that, without provocation, Hosey struck him violently, choked him, and otherwise injured him. Hosey admitted below that he hit Rodoussakis in the mouth with his elbow. However, Hosey contended that he did this only after Rodoussakis had bitten him, told him that he (Rodoussakis) had AIDS, and attempted to bite him again. Hosey alleged that he acted in good faith and in self-defense. The jury found against Rodoussakis.
 
 
 5
 Rodoussakis's contentions before this Court do not specifically raise any claims of error; Rodoussakis essentially contends that he is unhappy with the verdict. We have reviewed the entire record for any plain error and have construed Rodoussakis's contentions as raising a sufficiency of the evidence claim. It is axiomatic that the jury determines the credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Here, the jury had before it evidence of Rodoussakis's missing teeth and the bite marks to Hosey's arm; it also had both parties' testimony. The jury apparently believed Hosey's version of the facts over Rodoussakis's; we will not disturb that finding. Given the evidence, which was sufficient to find against Rodoussakis, we affirm the verdict and judgment.
 
 
 6
 Apart from this sufficiency inquiry, we are unable to find any error, let alone plain error, in the proceedings below. The judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 92-2215-AFFIRMED
 No. 93-1102-DISMISSED
 
 
 [1]
 The sampling was conducted pursuant to a search warrant
 
 
 [2]
 Hosey counterclaimed. The counterclaim was unsuccessful; however, Hosey did not appeal